UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| Stephen Wright, | ) | |
| Sarah Wright, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| V. | ) | Case: |
| | ) | |
| Charles Hanify, | ) | |
| Rod Fleck, | ) | **Trial by Jury Demanded** |
| James Salazar, | ) | |
| Douglas Kresl, | ) | |
| City of Forks, | ) | |
| Defendants. | ) | |

**Plaintiffs' Complaint**

Comes now the Plaintiffs pray for relief pursuant to 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act.

The Plaintiffs pray this case to be an example for those public officials, who, while being ordered to wear a mask, refuse to wear a mask during performance of their official duties pursuant to RCW 70.05.120(4), who abuse their authority to protect one another from misconduct violations, and who refuse to give disabled persons reasonable disability accommodations.

**I. Parties**

1. The Plaintiff is Stephen Wright, a resident of Clallam County, In the State of Washington.

   The Plaintiff, Stephen Wright, is a 35-year-old honorably discharged disabled veteran of the United States Army and Air Force, with no criminal history or even accusations up until interactions with the Defendants and the City of Forks occurring approximately in the past 40 days. The Plaintiff Stephen Wright has a diagnosed mental health disorder of PTSD and physical disabilities of the right shoulder and back.

2. The Plaintiff Sarah Wright (née Holmes), a resident of Clallam County, In the State of Washington.

3. The Defendant is James Salazar, a resident of Clallam County, in the state of Washington. The Defendant, James Salazar, is a public official acting under color of law for the city of Forks, Washington.

Plaintiffs' Complaint and Case Brief

4.  The Defendant is Rod Fleck, a resident of Clallam County, in the state of Washington. The Defendant, Rod Fleck, is a public official acting under color of law for the city of Forks, Washington.

5.  The Defendant is Charles Hanify, a resident of Clallam County, in the state of Washington. The Defendant, Charles Hanify, is a public official acting under color of law.

6.  The Defendant is Douglas Kresl, a resident of Clallam County, in the state of Washington. The Defendant, Douglas Kresl, is a public official acting under color of law.

7.  The Defendant is the City of Forks, an incorporated City in the state of Washington.

## II. Venue, Jurisdiction, and Jury

1.  Venue is proper pursuant to 28 U.S. Code § 1391(b)(1)

2.  Jurisdiction is proper pursuant to 42 U.S. § 1983

3.  Jury Demanded. Jury demand is proper pursuant to the Seventh Amendment to the United States Constitution, the amount prayed for by Plaintiffs is more than $20.

## III. Deprivation of Rights

1.  The Defendant, **James Salazar,** deprived of their **right to procedural due process, the right to equal protection of the laws, and the right to safety**, while acting under color of law, pursuant to 42 U.S. § 1983. **James Salazar's** conduct is shown to be motivated by evil motive or intent and his actions involve reckless or callous indifference to the federally protected rights of others.

**Count 1:**
The Defendant, Jame Salazar, deprived the Plaintiff Stephen Wright of due process by manufacturing probable cause evidence for a crime and thereafter utilizing said manufactured evidence to hold Plaintiff Wright accountable for a crime which Officer Salazar knew he did not commit. The Plaintiff, Stephen Wright, had a right to due process that included factual information to be used and acted upon.
This includes pictures of cameras claimed to be pointed at 1171 Bogachiel, but photos do not reflect this. Officer Salazar refused to view the camera feeds and instead took photos at angles to make it appear as though what he claimed was true when it was not. This includes Pictures of 1161 Bogachiel porch and misrepresented as 1171 Bogachiel. This includes enforcing a border dispute against Clallam County regulations and outside of his jurisdiction, and therefrom charging the Plaintiff with crimes associated with violations of a no contact order by declaring without jurisdiction the yard space in dispute is Danielle Hutchinson's and those crimes occurred 1171 Bogachiel and as result of the

Plaintiffs' Complaint and Case Brief

boundary being misrepresented with a portion of our porch as Danielle Hutchinson's without legal dispute.

**Count 2:**

The Defendant, Officer Salazar, has made multiple false reports, and the deprived the Plaintiffs of equal protections under the due process of law. The process of making a police report must include factual statements, and non factual statements puts the Plaintiffs at unnecessary risk of being affected by the corruption of the judicial functions and thus unequal protection that would otherwise derived from factual reporting.

**Count 3:**

The Defendant, Jame Salazar, deprived the Plaintiff, Stephen Wright, of due process by manufacturing evidence to support probable cause for a crime and thereafter utilizing said manufactured evidence to hold Plaintiff Wright accountable for a crime which Officer Salazar knew he did not commit. This includes making false reports of Stephen  Wright being at 1171 Bogachiel Way on multiple accounts when Stephen Wright has not been at 1171 Bogachiel Way since February 5, 2021 during a friendly exchange. The Plaintiff, Stephen Wright, has a right to due process that includes the utilization of factual evidence in criminal proceedings.

**Count 4:**

The Constitution gives states inherent "police power" to protect public health and safety. It is a broad power; however, the 14th Amendment prevents states from infringing on "the privileges or immunities of citizens of the United States" without due process of law. The Defendant, James Salazar, was ordered by the governor to wear a mask while on duty, and thereafter James Salazar refused this order and in that process infringed upon the Plaintiffs' privileges that includes acting within the bounds of the law to protect the citizens by wearing a mask when ordered to. This act of deprivation occurred on 3/26/2021 at the Defendants home, while Stephen Wright was inside his home, with James Salazar standing within inches of the Defendants at their enclosed porch.The Plaintiffs' right to equal protection of the laws was deprived by these acts laid out in Count 4.

**Count 5:**

The Constitution gives states inherent "police power" to protect public health and safety. It is a broad power; however, the 14th Amendment prevents states from infringing on "the privileges or immunities of citizens of the United States" without due process of law. The Defendant, James Salazar, was ordered by the governor to **wear a mask** while on duty, and thereafter James Salazar refused this order and in that process infringed upon the Plaintiffs' privileges that includes acting within the bounds of the law to protect the citizens by wearing a mask when ordered to, and the privilege of safety that is derived from that. This act of deprivation occurred on 4/30/2021. James Salazar cornered the Plaintiff Stephen Wright, charging at the Plaintiff without wearing a mask and arresting the Plaintiff, Stephen Wright, once cornered at his vehicle. Thereafter James Salazar

Plaintiffs' Complaint and Case Brief

refused to wear a mask while in the vehicle with the Plaintiff Stephen Wright and the Plaintiff Stephen Wright had been cuffed and restrained and was unable to remove himself from the threat of infection deriving from James Salazar. This act occurred at the town's only coronavirus check-in, in the parking lot of a clinic. The Plaintiff Stephen Wright's right to **equal protection of the laws** was deprived by these acts laid out in Count 5.

**Count 6:**
The Defendant, James Salazar, deprived the Plaintiff Stephen Wright of his right to due process when the Defendant James Salazar arrested the Plaintiff Stephen Wright absent probable cause on April 30th 2021 at 10:26am.

**Count 7:**
The Defendant, James Salazar, deprived the Plaintiff Stephen Wright of his right to due process when the Defendant James Salazar arrested the Plaintiff Stephen Wright for **resisting arrest**, whereas the Plaintiff had a lawful right to keep himself distanced for safety when the arresting officer James Salazar was not wearing a mask. The Defendant James Salazar was not allowed to arrest the Plaintiff until he wore a mask because the Defendant James Salazar was required TO NOT BE within 6 feet of the Plaintiff Stephen Wright WITHOUT A MASK ON per the Governor Inslee's orders. The process in the due process of arrest in Washington includes: to wear a mask, to perform duties, Officer Salazar chose to only perform SOME duties.

**Count 8:**
The Defendant, James Salazar, deprived the Plaintiff Stephen Wright of his right to due process when the Defendant James Salazar arrested the Plaintiff Stephen Wright with **driving with a suspended license in the 3rd**, whereas the Plaintiff had a lawful right to keep himself distanced for safety when the arresting officer James Salazar was not wearing a mask. The Defendant James Salazar was not allowed to arrest the Plaintiff until he wore a mask because arresting the Plaintiff required TO NOT BE within 6 feet of the Plaintiff Stephen Wright WITHOUT A MASK ON per the Governor Inslee's orders.The process in the due process of arrest includes wearing a mask prior to engaging with anyone less than 6 feet away, and Governor Inslee made no exception for this type of arrest when giving this order.

**Count 9:**
The Defendant, James Salazar, deprived the Plaintiff Stephen Wright of his right to **due process** when the Defendant James Salazar arrested the Plaintiff Stephen Wright on 3/26/2021 at his front door, whereas the Plaintiff had a lawful right to keep himself distanced for safety when the arresting officer James Salazar was not wearing a mask. The Defendant James Salazar was not allowed to arrest the Plaintiff until he wore a mask because arresting the Plaintiff required TO NOT BE within 6 feet of the Plaintiff Stephen Wright WITHOUT A MASK ON per the Governor Inslee's orders. The process in the due process of arrest includes wearing a mask prior to engaging with anyone less

than 6 feet away, and Governor Inslee made no exception for this type of arrest when giving this order.

**Count 10:**

The Defendant, James Salazar, deprived the Plaintiff Stephen Wright of his right to due process when the Defendant James Salazar arrested the Plaintiff Stephen Wright for having a **suspended license in the 3rd** and the Plaintiff Stephen Wright having no prior knowledge of license suspension, and the arresting officer having that knowledge sometime prior after searching the Plaintiff's name in his absence, and allowed the Plaintiff Stephen Wright to continue to break the law for an unknown period of time. Officer Salazar, in supposed written testimony in court, read by the judge on 5/3/2021 that I have not been allowed to see, Officer Salazar claims to have ran my name prior to the arrest and that gave him probable cause for a traffic stop and seizure; the videos provided in this complaint do not reflect this. The law protects its people, and not enforcing the law, as well as acts of selective enforcement, put the Plaintiff and the public at risk. If the Plaintiff Stephen Wright had gotten into a wreck, the consequences of that would be greatly impacted by not having a valid license and would affect his ability to regain his ability to drive within the current prescribed time (currently unknown). It was a a deprivation of due process to allow the Plaintiff to drive, unknowingly, with a suspended license until Officer Salazar found an opportune time, such as while assisting the Hutchinson's with putting a fence through the Plaintiffs' porch on the same day (friday) as the arrest of April 30th, 2021 and while officer Salazar arrested the Plaintiff on Bogachiel Way, only a few blocks from the residences 1161/1171 Bogachiel. Officer Salazar, in the application of knowledge, delayed that application of enforcement and that delay could have reasonably harmed the Plaintiff Stephen Wright and the public. The Plaintiff Stephen Wright had a right to be protected, under equal protection of the law, from the misuse and abuse of government authority, and Officer Salazar abused and misused his authority to intentionally deprive the Plaintiff Stephen Wright of that right.

**Count 11:**

James Salazar used force against Plaintiff Stephen Wright on 4/302021 absent cause pursuant to RCW 9A.16.020. This deprived the Plaintiff Stephen Wright of protection from both physical harm and threat of catching a contagious disease afforded by equal protections of the law to include Governor Inslee's mask mandate order that had clear intent to stop such contagious disease and keep the public safe.

**Count 12:**

The Defendant, James Salazar, deprived the Plaintiff, Stephen Wright of his rights, protected by the Fourth Amendment to the United States Constitution, to be secure in his persons and effects, against unreasonable searches and seizures. On April 30th 2021, the Defendant blocked the Plaintiff's vehicle in a parking lot with his police cruiser, arrested the Plaintiff without probable cause, and thereafter used retroactive probable cause derived from evidence gathered

after arrest to press charges. The Plaintiff, Stephen Wright, was complying and retrieving his insurance and ID as asked when The Defendant, James Salazar, lunged at the Plaintiff grabbing his hip and twisting his right arm backwards. Thereafter the Defendant made a false report to include changing the arrest time to conceal the misconduct.

**Count 13:**
The Defendant, James Salazar, did not make an arrest under RCW 26.50.110 in good faith and without malice pursuant to RCW 26.50.140 and thereby deprived the Plaintiff, Stephen Wright of his right to equal protections afforded by law.

**Count 14:**
On March 26th, 2021, The Defendant deprived the Plaintiffs of property without due process.

**Count 15:**
On March 26th, 2021, The Defendant deprived the Plaintiffs of the right to equal protections under the law by refusing to stop Voyeurism from occurring against the Wrights' at their residence.

2. Defendant **Rod Fleck** deprived the Plaintiff, Stephen Wright, of his **right to procedural due process, the right to equal protection of the laws, and the right to safety**, while acting under color of law, pursuant to 42 U.S. § 1983. **James Salazar's** conduct is shown to be motivated by evil motive or intent and his actions involve reckless or callous indifference to the federally protected rights of others.

**Count 1:**
The Defendant, Rod Fleck, approved an arrest against Stephen Wright on March 26th, utilizing probable cause of evidence known to be false by public record and against physical evidence already provided. The Plaintiff, Stephen Wright, has a right to be presented with FACTUAL evidence in criminal proceedings, and Rod Fleck has deprived the Plaintiff Stephen Wright of this basic and fundamental right of due process laid out in the Fourteenth Amendment to the United States Constitution. Rod Fleck reviewed Danielle Hutchinsons 911 call, made on March 25th, and thereafter misrepresented that call to find a violation of no contract had occurred when one had not for March 26, 2021 at 10am.

**Count 2:**
The Defendant, Rod Fleck, was responsible for Police Chief Mike Rowley not being properly advised regarding the mandatory mask laws, and that negligence deprived the

Plaintiffs of their right to be protected under the equal protections of the law regarding mask mandates ordered by the governor.

3.  Defendant **Charles Hanify** deprived the Plaintiffs of their **right to procedural due process**, while acting under color of law, pursuant to 42 U.S. § 1983. Charles Hanify acted outside of his jurisdiction while acting under color of law.

    **Count 1:**
    The Defendant, Charles Hansley, would not allow the Plaintiffs to present their case on 4/1/2021, case# CV-21-233. The Plaintiffs were on the docket for 4/1/2021 and present. The Plaintiffs had a right to due process, as laid out in the Fourteenth Amendment to the United States Constitution to include presentation and they were purposely deprived of these rights by Charles Hanify, the presiding judge.

    **Count 2:**
    The Defendant, Charles Hansley, granted an application for restraining against Plaintiff Sarah Wright, finding Sarah Wright guilty of unlawful harassment, when no application or request for restraint had been made and no evidence Sarah Wright had committed unlawful harassment where evidence is a strict requirement, and while Plaintiff Sarah Wright was not given any due process to dispute prior to order. 4/1/2021, case CV-21-230. The Plaintiffs were on the docket for that day for CV-21-233.

    **Count 3:**
    The Defendant, Charles Hansley, approved and granted orders of no contact for Daniielle Hutchinson, after having reviewed Danielle Hutchinson's application for no contact orders. The Defendant, Charles Hansley, was well aware that Danielle Hutchinson claimed to be a **vulnerable adult**, and there was **no signature endorsement from her care provider**. The Defendant, Charles Hansley, knew Danielle Hutchinson's Application for emergency no contact orders did not meet the lawful requirements to be approved, nor did they meet the requirements to be responded to thereafter. The Defendant, Charles Hansley, purposefully allowed Danielle Hutchinson to misrepresent information on an application for emergency no contact orders to include she is a vulnerable adult and protected Danielle Hutchinson from being required to have a caregiver endorse the application.

    **Count 4:**
    The Defendant, Charles Hansley, found probable cause for arrest on 4/1/2021 for events of 3/26/2021 when no evidence of probable cause was available or approved until 4/5/2021, nor did any officer give any sworn testimony or provide any sworn documents to attest to the probable cause in court on 4/1/2021. The Defendant, Stephen Wright had a right to due process, as laid out in the Fourteenth Amendment to the United States Constitution to include being able to view the evidence of probable cause, to dispute the

evidence of probable cause, and to question the evidence probable cause, to question the officer (since he did not swear to the probable cause on any document) and Charles Hansley purposely and with malicious intent deprived Stephen Wright of said rights through use of lawful authority while acting under color of law. Stephen Wright has a right to due process, and under equal protection of the law, and that protection extends to the application of the law and the justifications of those applications and enforcements therefrom

**Count 5:**
The Defendant, Charles Hanify, deprived the Plaintiff Stephen Wright of his right to procedural due process by finding probable cause on violation of no contact order by asserting property where the accused violation occurred is Danielle Hutchinson's, while Danielle Hutchinson is engaged in a border dispute with Plaintiffs. **The Superior Court of Clallam County has exclusive jurisdiction of border disputes in Clallam County**, and the Defendant Charles Hanify acted outside of his jurisdiction when making probable cause findings. The Plaintiffs have a case open in Superior Court of Clallam County with subject matter pertaining to border dispute with Danielle Hutchinson.

**Count 6:**
The Defendant, Charles Hansley, found probable cause for arrest on 4/1/2021 for 3/26/2021 when no evidence of probable cause was available or approved until 4/5/2021, nor did any officer give any sworn testimony or provide any sworn documents to attest to the probable cause in court on 4/1/2021. The Defendant, Stephen Wright had a right to due process, as laid out in the Fourteenth Amendment to the United States Constitution to include being able to view the evidence of probable cause, to dispute the evidence of probable cause, and to question the evidence probable cause, to question the officer (since he did not swear to the probable cause on any document) and Charles Hansley purposely and with malicious intent deprived Stephen Wright of said rights through use of lawful authority while acting under color of law.

4. The Defendant Douglas Kresl deprived the Plaintiffs of their **right to procedural due process**, while acting under color of law, pursuant to 42 U.S. § 1983.

**Count 1:**
The Defendant, Douglas Kresl, was the Plaintiff Stephen Wright's appointed public defender.The Defendant Douglas Kresl deprived the Plaintiff Stephen Wright of due process when the Defendant Douglas Kresl ordered the Plaintiff to not request any discovery, referring to discovery requests for an already filed torts claim of which the Defendant Douglas Kresl is not a party to or a representative for. The Defendant did this in court on 5/3/2021, in a manner which was intimidating, unnecessary.

**Count 2:**
The Defendant, Douglas Kresl, was the Plaintiff Stephen Wright's appointed public defender on 5/3/2021, these events occurred in court hearing. The Plaintiff Stephen

Wright asked what probable cause the court had. The Defendant Douglas Kresl deprived the Plaintiff Stephen Wright of due process when the Defendant Douglas Kresl told the Plaintiff roughly to "shut up" "I do the talking" and thereafter did not question what evidence of probable cause was there to arrest, or when the officer ran the Plaintiff Stephen Wright's name. Due to the Coronavirus Pandemic, all hearings are now video-audio recorded.

### V. Title II of the Americans with Disabilities Act

5. Record number 71150-MSM - Civil Rights Division.
   On April 30th 2021, The Defendant, James Salazar, an active duty police officer for the City of Forks, arrested the Plaintiff Stephen Wright.

   The Defendant, James Salazar, refused to provide a disability accommodation for the Plaintiff's right shoulder, specifically an accommodation to be cuffed in the front or alternative method of restraint. The Defendant and the assisting deputy found enjoyment in the pain and suffering of the Plaintiff as the Plaintiff witnessed them laughing at him while he pleaded for help and disability accommodation. The Plaintiff called for help to the other deputy, who replied, "if you stopped struggling you'd be fine."

   The Defendant, James Salazar, refused to provide a disability accommodation for the Plaintiff's PTSD, specifically two different times. The first being the Defendant did not have to take the Plaintiff to jail or arrest him. Secondly, the Defendant knew of the Plaintiffs mental health disorder, and went against Washington state recommendations for alternatives for jailing people with mental health disorders.

   There was a reasonableness for accommodation, and the Defendant utilized the most painful and abusive course of action against the Plaintiff.

   Title II applies, but the reasonableness of the accommodation required must be assessed in light of the totality of the circumstances of a particular case." *Williams v. City of New York*, 121 F. Supp. 3d 354, 365" *Sage v. City of Winooski*, Case No. 2:16-cv-116, 7 (D. Vt. Mar. 22, 2017)

   In this particular case, it was more than reasonable to cuff the Plaintiff from the front, or otherwise reasonably restrain the Plaintiff with alternative methods. It was unreasonable for the Defendant to find enjoyment in the pain and suffering of the Plaintiff. It was unreasonable for the accommodation to be fully denied.

   In this particular case, Washington state recommends and provides clear instruction for officers who believe they must arrest and jail a person with mental

Plaintiffs' Complaint and Case Brief

health disorders to include alternatives to jailing. It was unreasonable for the officer to choose to not even assess whether he should find alternatives to jailing, or even jail the Plaintiff in the first place.

## VI. Relief

The Plaintiffs pray for relief, and that relief pray come as follows:

1. The Plaintiff, Stephen Wright, prays each of the Defendants, excluding the City of Forks, be ordered to pay the Plaintiff, Stephen Wright, $50,000 in compensatory damages pursuant to 42 U.S. Code § 1983.

2. The Plaintiff, Sarah Wright, prays the court will order the Defendant, Charles Hanify, to pay the Plaintiff Sarah Wright (nee Holmes) $50,000 in compensatory damages pursuant to 42 U.S. Code § 1983.

3. The Plaintiffs pray the City of Forks, be ordered to pay Plaintiff Stephen Wright $200,000 in compensatory damages pursuant to the Americans with Disabilities Act. *Sage v. City of Winooski, Case No. 2:16-cv-116 (D. Vt. Mar. 22, 2017).*

4. The Plaintiffs pray each Defendant, excluding the City of Forks, be ordered to pay Plaintiff, Stephen Wright, $50,000 in punitive damages, pursuant to deprivation of rights claims,The Plaintiffs pray the Defendants be ordered to pay $25,000 in punitive damages, each, to each Plaintiff. *A plaintiff is entitled to punitive damages if the jury finds that the defendant's conduct was reckless or callously indifferent to the federally protected rights of others or if the defendant was motivated by an evil intent. Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 [1983].*

5. The Plaintiffs pray the Defendants **be ordered to pay for the Plaintiffs attorneys fees**, if the Plaintiffs have counsel. *The Civil Rights Attorney's Fee Awards Act of 1976 (42 U.S.C.A. § 1988[b]).* In addition, section 1988 does not require that the attorneys' fees awarded be in proportion to the amount of damages recovered *(City of Riverside v. Rivera, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466 [1986]).*

6. The Plaintiffs pray the court will **hold the Defendant, James Salazar, accountable** for refusing and neglecting to obey rules, regulations, or orders made for the prevention, suppression and control of dangerous contagious and infectious diseases pursuant to RCW 70.05.120(4), at least three violations as a result of not wearing a mask while

performing duties of his public position. The Defendant, James Salazar, not wearing the mandated masks during a rise in COVID cases in the City of Forks is especially dangerous for public health, hundreds could have been infected with COVID or another pathogen which would have the possibility to deteriorate a person's immune system making COVID contraction more dangerous in addition to possibly creating life threatening conditions to people with compromised immune systems, such as Sarah Wright/Holmes.

I swear the foregoing is true and accurate to the best of my knowledge.

_____ Dated: 5/4/2021          _____ Dated: 5/4/2021
Stephen Wright                                         Sarah Wright
1161 Bogachiel Way,                                1161 Bogachiel Way,
Forks, WA, 98331                                     Forks, WA, 98331

Plaintiffs' Complaint and Case Brief

# Case Brief

### 13-1-00541-8 Washington V. Joseph Mandoli
Chelan County Superior Court
Joseph Mandoli pled guilty to stealing copper and other metals and had an accomplice, of whom was not found guilty, of whom was tricked into assisting with a crime without their knowledge. Joseph **"Joe" Mandoli** has a criminal history of using and tricking people to achieve his illegal intents, including his accomplice who helped steal and load the stolen metals unknowingly.

### 20-2-02540-34 Wright V. Alyanse Properties
Thurston County Superior Court
Wrights praying for their deed. Mortgage lender refused payments after Plaintiffs had paid down payment and improved property to livable home. Joseph Mandoli did not complete the septic inspection which made it impossible to transfer the deed of the home, and therefore allowed Joseph Mandoli to keep the property by deceptive practices. **James Salazar claims to be in contact with Joe Mandoli** and **repeats the same base class claim that the Fraudulent "Intent to Sell" claims**, which is that the Plaintiffs are sellers and refers to the Wrights' as tenants. Wrights filed for breach of contract and Joseph mandoli was served and did not respond in time and the Plaintiffs are now awaiting hearing for motion for default.

### 21-2-00207-05 Wright V. Hutchinson
Clallam County Superior Court
Wrights pray for mediation and commissioners to find lost property lines due to Defendants removing survey stakes and moving boundary line, and for relief from damages from Defendants taking building supplies and destroying parts of home claiming that Joe Mandoli gave them permission, and for relief from non economic damages for mental anguish derived from the sudden onset of false police reports that the Defendants' used to ultimately have the Plaintiff Stephen Wright arrested for crimes he did not commit. Danielle Hutchinson and James **Salazar began communicating with Joe Mandoli within days of the Wrights' receiving a fraudulent "Intent to Sell"** their home from Joe Mandoli and reporting this to Officer Salazar who then misrepresented factual information on the police report, and thereafter began communicating details of the police report directly with Joe Mandoli. Danielle Hutchinsons' father, **Eric King, put his home up for sale in the middle of a remodel in California within days of the Wright**

Plaintiffs' Complaint and Case Brief

receiving a **"Intent to sell"**, left his home and **moved** in with Danielle Hutcinson **next door to Wrights'**, and thereafter the Hutchinson and King began a campaign of harassment of false police reports, with Eric King harassing the Plaintiffs claiming "You're going to loose the house" and "thanks for all the work"

**Terry v. Ohio, 392 U.S. 1 (1968)**
**United States Supreme Court**

Under the Fourth Amendment of the U.S. Constitution, a police officer may stop a suspect on the street and frisk him or her without probable cause to arrest, if the police officer has a reasonable suspicion that the person has committed, is committing, or is about to commit a crime and has a reasonable belief that the person **"may be armed and presently dangerous."**

**Summary Conclusion**

Joseph Mandoli, Danielle Hutchinson, Eric King, and James Salazar have all communicated and repeated the same baseless lie of the Wrights' being squatters and the Wrights' don't have any property rights. James Salazar does not want Plaintiff Stephen Wright to become Mayor because investigation of Officer James Salazar's misconduct will follow, and also because Officer Salazar doesn't want to wear a pink uniform or drive a pink smart vehicle if Stephen Wright becomes Mayor.

Officer Salazar, of the Forks Police Department, flipped around and began to follow the Plaintiff, Stephen Wright, at 10:25am 04/30/2021. Officer Salazar had run the name of the Plaintiff (not his license, nor his vehicle) when an encounter had not yet occurred (Judge Hanify informed the Plaintiff it was how Officer Salazar obtained his probable cause for arrest, but declined to inform the Plaintiff when the Plaintiff's name was run earlier that day opr why). Officer Salazar was provided the Plaintiff's valid Oklahoma driver license after arrest, however already had knowledge that the Plaintiff's Washington license was revoked/suspended in the 3rd, which the Plaintiffs did not have any prior knowledge of due to the ability to purchase a vehicle and automobile insurance in Stephen Wright's name the previous month. Officer Salazar then cited that the violation occurred at 10:50am on 04/30/2021, served on the Plaintiff after booking the Plaintiff into jail. The time cited on the slip allowed Officer Salzar to further misrepresent that the Plaintiff's information was run before being told he was "under arrest for driving suspended" at 10:26am the same day. Officer James Salazar misrepresented reasonable belief that the Plaintiff, Stephen Wright, was armed and dangerous to utilize retroactive probable cause, known commonly as a "Terry Search"

Plaintiffs' Complaint and Case Brief

.

**Videos in Support**

1. [https://www.youtube.com/watch?v=vBRoBsjyqXg](https://www.youtube.com/watch?v=vBRoBsjyqXg)

2.  [https://www.youtube.com/watch?v=UrnAXdjva8Q&t=8s](https://www.youtube.com/watch?v=UrnAXdjva8Q&t=8s)

3. [https://www.youtube.com/watch?v=7tOxW89QJoY](https://www.youtube.com/watch?v=7tOxW89QJoY)

4. [https://www.youtube.com/watch?v=WWp26YTevpA](https://www.youtube.com/watch?v=WWp26YTevpA)

5. [https://www.youtube.com/watch?v=Ig56hVpnTGc&t=19s](https://www.youtube.com/watch?v=Ig56hVpnTGc&t=19s)

6. [https://www.youtube.com/watch?v=1_sfretKZB8](https://www.youtube.com/watch?v=1_sfretKZB8)

Submission complete



**United States Department of Justice**
**Civil Rights Division**
civilrights.justice.gov

## Thank you for submitting a report to the Civil Rights Division.

### Report successfully submitted

*Please save your record number for tracking.*

  Your record number is:  **71132-JHR**

## What to expect

### ① We review your report

Our specialists in the Civil Rights Division carefully read every report to identify civil rights violations, spot trends, and determine if we have authority to help with your report.

### ② Our specialists determine the next step

We may decide to:

**Open an investigation** or take some other action within the legal authority of the Justice Department.
**Collect more information** before we can look into your report.
**Recommend another government agency** that can properly look into your report. If so, we'll let you know.

In some cases, we may determine that we don't have legal authority to handle your report and will recommend that you seek help from a private lawyer or local legal aid organization.

### ③ When possible, we will follow up with you

We do our best to let you know about the outcome of our review. However, we may not always be able to provide you with updates because:

https://civilrights.justice.gov/report/

1/4

We're actively working on an investigation or case related to your report. We're receiving and actively reviewing many requests at the same time.

If we are able to respond, we will contact you using the contact information you provided in this report. Depending on the type of report, response times can vary. If you need to reach us about your report, please refer to your report number when contacting us. This is how we keep track of your submission.

# What you can do next

## ① **Contact local legal aid organizations or a lawyer if you haven't already**

Legal aid offices or members of lawyer associations in your state may be able to help you with your issue. American Bar Association, visit www.findlegalhelp.org or call (800) 285-2221 Legal Service Corporation (or Legal Aid Offices), visit www.lsc.gov/find-legal-aid or call (202) 295-1500

## ② **Get help immediately if you are in danger**

If you reported an incident where you or someone else has experienced or is still experiencing physical harm or violence, or are in immediate danger, please call 911 and contact the police.

# Your submission

## Contact

## Contact information

### Your name
stephen wright

### Email address

Submission complete

FST3503@GMAIL.COM

**Phone number**

3609992736

**Address**

1161 BOGACHIEL WAY

-

FORKS, Washington 98331

**Are you now or have ever been an active duty service member?**

No

## Primary concern

**What is your primary reason for contacting the Civil Rights Division?**

Mistreated by police, correctional staff, or inmates

**Does your situation involve physical harm or threats of violence?**

Yes

## Location

**Did this happen while in custody or incarcerated?**

No

**Where did this happen?**

**Location name**
Bogachiel Clinic

**Address**

691 Bogachiel Way

–

Forks, Washington

## Personal characteristics

## Do you believe any of these personal characteristics influenced why you were treated this way?

Disability (including temporary or recovered and including HIV and drug addiction)

## Date

## When did this happen?

4/30/2021

## Personal description

## In your own words, describe what happened

refused disability accommodation, my right shoulder disability from injury line of duty, Officer Salazar refused disability accommodations to cuff
in front or find alternative method of restraint.
refused disability accommodation, my doctor diagnosed PTSD disability from injury line of duty, Officer Salazar refused disability
accommodations to include mental health accommodations instead of jail, which is actually encouraged in Washington RCW.