UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEPHEN CHRISTOPHER WRIGHT,
SARAH WRIGHT,

                Plaintiffs,

    v.

CHARLES HANIFY, et al.,

                Defendants.

CASE NO. 3:21-CV-5332-BHS

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING PLAINTIFF LEAVE TO AMEND, AND RENOTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

      Plaintiffs Stephen Christopher Wright and Sarah Wright, proceeding *pro se*, filed this action alleging violations of their constitutional rights and the Americans with Disabilities Act ("ADA"). *See* Dkt. 1-1. The District Court has referred Plaintiffs' pending Applications to Proceed *In Forma Pauperis* ("IFP") and Proposed Complaint to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

      Having reviewed and screened Plaintiffs' Proposed Complaint under 28 U.S.C. § 1915(e)(2), the Court finds Plaintiffs have failed to state a claim upon which relief can be granted. The Court dismisses Plaintiffs' Proposed Complaint without prejudice, re-notes the

1  pending Applications to Proceed IFP, and provides Plaintiffs with leave to file an amended

2  pleading by June 18, 2021, to cure the deficiencies identified herein.

3  ## I.  Background

4  Plaintiffs allege Defendants Charles Hanify, Rod Fleck, James Salazar, Douglas Kresl,

5  and the City of Forks violated their constitutional rights and the ADA during Stephen's arrest

6  and Sarah and Stephen's court appearance. Dkt. 1-1.[1]

7  ## II.  Discussion

8  The district court may permit indigent litigants to proceed IFP upon completion of a

9  proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in*

10  *forma pauperis* . . . in civil actions for damages should be allowed only in exceptional

11  circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad

12  discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.

13  1963), *cert. denied* 375 U.S. 845 (1963).

14  Notwithstanding IFP status, the Court must subject each civil action commenced pursuant

15  to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case

16  that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

17  monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);

18  *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §

19  1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

20  2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*

21  *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it

22  _____

23  [1] For clarity, the Court will refer to Plaintiffs by their first names, Stephen and Sarah.

24  ORDER DISMISSING PLAINTIFF'S COMPLAINT
WITHOUT PREJUDICE, GRANTING PLAINTIFF
LEAVE TO AMEND, AND RENOTING
PLAINTIFF'S MOTION TO PROCEED IN FORMA
PAUPERIS - 2

1   ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,

2   1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*

3   *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

4          A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it

5   must nevertheless contain factual assertions sufficient to support a facially plausible claim for

6   relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550

7   U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual

8   content that allows the court to draw the reasonable inference that the defendant is liable for the

9   misconduct alleged." *Iqbal*, 556 U.S. at 678.

10         Unless it is clear a *pro se* plaintiff cannot cure the deficiencies of a complaint, the Court

11  will provide the *pro se* plaintiff with an opportunity to amend the complaint to state a plausible

12  claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal

13  without leave to amend is improper unless it is clear, upon de novo review, that the complaint

14  could not be saved by any amendment.").

15         Here, Plaintiffs' Proposed Complaint suffers from deficiencies requiring dismissal if not

16  corrected in an amended complaint. Plaintiffs provide conclusory allegations surrounding an

17  arrest and court appearance. However, Plaintiffs have not provided a factual summary that

18  sufficiently explains to the Court the facts surrounding the alleged wrong-doing. Plaintiffs have

19  not provided a "simple, concise, and direct" explanation of each allegation. *See* Fed. R. Civ. P.

20  8(d). Therefore, Plaintiffs have not stated a claim upon which relief can be granted.[2]

21  _____

22         [2] The Court notes that to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he
    suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was
23  proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th
    Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly

24  ORDER DISMISSING PLAINTIFF'S COMPLAINT
    WITHOUT PREJUDICE, GRANTING PLAINTIFF
    LEAVE TO AMEND, AND RENOTING
    PLAINTIFF'S MOTION TO PROCEED IN FORMA
    PAUPERIS - 3

1    The Court also finds Plaintiffs cannot sue Defendants Hanify and Kresl in this action.

2    First, Plaintiffs have named a state court judge Charles Hanify as a Defendant. "State judges are

3    absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334

4    (1983). This is true "even when such acts are in excess of their jurisdiction, and are alleged to

5    have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *see*

6    *also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (court employees performing quasi-

7    judicial functions are entitled to absolute immunity); *Rein v. Nw. Mortg. Grp., Inc.*, 668 F. App'x

8    209 (9th Cir. 2016) (finding Washington Superior Court Judge and judicial assistant were

9    entitled to absolute immunity). As Defendant Hanify is being sued by Plaintiffs for his judicial

10   acts, he is immune from liability.

11   Plaintiffs also name Douglas Kresl, Stephen's state court attorney and an appointed public

12   defender, as a Defendant in this matter. Dkt. 4. Generally, private parties do not act under color of

13   state law. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991). The United States Supreme

14   Court has held that court-appointed criminal defense attorneys are not state actors, and therefore,

15   are not subject to § 1983 liability when they are acting in the capacity of an advocate for their

16   clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state

17   actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S.

18   312, 318, 321 (1981) (the job of a public defender is to advance the interests of his client, which

19   _____

20   infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts
     showing how individually named defendants caused, or personally participated in causing, the harm alleged in the
21   complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).
            To state a claim under Title II of the ADA, a plaintiff must show: (1) he is an individual with a disability;
22   (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or
     activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services,
     programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of
23   benefits, or discrimination was by reason of [his] disability. *O'Guinn v. Lovelock Correctional Center,* 502 F.3d
     1056, 1060 (9th Cir. 2007).
24   ORDER DISMISSING PLAINTIFF'S COMPLAINT
     WITHOUT PREJUDICE, GRANTING PLAINTIFF
     LEAVE TO AMEND, AND RENOTING
     PLAINTIFF'S MOTION TO PROCEED IN FORMA
     PAUPERIS - 4

1  "is essentially a private function, traditionally filled by retained counsel, for which state office

2  and authority are not needed."); *see also Miranda v. Clark Cty.,* 319 F.3d 465, 468 (9th Cir.

3  2003) (en banc). Because public defenders cannot be subject to § 1983 liability based on their

4  actions representing defendants in criminal proceedings, Plaintiffs fail to state a claim against

5  Defendant Kresl.

6      **III.    Instructions to Plaintiff and the Clerk**

7          Due to the deficiencies described above, the Court finds Plaintiffs have failed to state a

8  claim upon which relief can be granted. Therefore, the Court dismisses Plaintiffs' Proposed

9  Amended Complaint without prejudice.

10          If Plaintiffs intend to pursue this action, they must file an amended complaint on or

11  before June 18, 2021. The amended complaint will act as a complete substitute for any

12  previously filed complaint, and not as a supplement. The Court will screen the amended

13  complaint to determine whether it contains factual allegations linking each defendant to the

14  alleged violations of Plaintiffs' rights. If Plaintiffs fail to file an amended complaint or otherwise

15  respond, the undersigned will recommend that the Applications to Proceed IFP be denied and

16  that this case be closed. If Plaintiffs submit an adequate complaint, the Court will consider the

17  Applications to Proceed IFP.

18          The Clerk is directed to re-note the Applications to Proceed IFP (Dkt. 1, 3, 4) for

19  consideration on June 18, 2021.

20          Dated this 17th day of May, 2021.

21

22                                             David W. Christel
                                               United States Magistrate Judge
23

24  ORDER DISMISSING PLAINTIFF'S COMPLAINT
    WITHOUT PREJUDICE, GRANTING PLAINTIFF
    LEAVE TO AMEND, AND RENOTING
    PLAINTIFF'S MOTION TO PROCEED IN FORMA
    PAUPERIS - 5