UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN CHRISTOPHER WRIGHT, SARAH WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES SALAZAR, et al.,<br><br>Defendants. | CASE NO. 3:21-CV-5332-BHS<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: September 3, 2021 |

Plaintiffs Stephen Christopher Wright and Sarah Wright,[1] proceeding *pro se*, filed this action alleging violations of their constitutional rights and the Americans with Disabilities Act. *See* Dkt. 1-1. The District Court has referred Plaintiffs' pending Applications to Proceed *In Forma Pauperis* ("IFP") to United States Magistrate Judge David W. Christel pursuant to Amended General Order 02-19.

---

[1] For clarity, the Court will refer to Plaintiffs by their first names, Stephen and Sarah.

REPORT AND RECOMMENDATION - 1

The Court has considered the Applications to Proceed IFP and the proposed amended complaint. The Court recommends granting Stephen's Application to Proceed IFP, denying Sarah's Application to Proceed IFP, and allowing this action to proceed against Defendants James Salazar and the City of Forks.

## I. Background

Plaintiffs filed this action on May 5, 2021. *See* Dkt. 1. On May 17, 2021, the Court screened Plaintiffs' Proposed Complaint and found it was deficient because Plaintiffs failed to state a claim for which relief may be granted. *See* Dkt. 5. The Court dismissed the Proposed Complaint without prejudice, re-noted the pending Applications to Proceed IFP, and provided Plaintiffs leave to file an amended pleading by June 18, 2021, to cure the identified deficiencies. *Id*. Plaintiffs failed to file a response to the Court's Order or file an amended pleading. Thus, on June 29, 2021, the undersigned recommended the case be dismissed. Dkt. 6. On July 9, 2021, Stephen filed a Motion for Leave, requesting leave to file a proposed amended complaint. Dkt. 7. Stephen also filed a proposed amended complaint. Dkt. 8.

As Stephen filed the proposed amended complaint, the Honorable Benjamin H. Settle, the District Judge assigned to this case, declined to adopt the Report and Recommendation and re-referred the Applications to Proceed IFP to the undersigned. Dkt. 10. The Court has now granted Stephen's Motion for Leave and will consider the Applications to Proceed IFP. Dkt. 11.

## II. Discussion

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). The Court has broad

1 | discretion in denying an application to proceed IFP. *Weller v. Dickson*, 314 F.2d 598 (9th Cir.
2 | 1963), *cert. denied* 375 U.S. 845 (1963).
3 |   Notwithstanding IFP status, the Court must subject each civil action commenced pursuant
4 | to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case
5 | that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks
6 | monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B);
7 | *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. §
8 | 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.
9 | 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua*
10 | *sponte* dismiss an IFP complaint that fails to state a claim). An IFP complaint is frivolous if "it
11 | ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368,
12 | 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also*
13 | *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).
14 |   A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it
15 | must nevertheless contain factual assertions sufficient to support a facially plausible claim for
16 | relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550
17 | U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual
18 | content that allows the court to draw the reasonable inference that the defendant is liable for the
19 | misconduct alleged." *Iqbal*, 556 U.S. at 678.
20 |   **Screening.** In the proposed amended complaint, Stephen is listed as the sole Plaintiff.
21 | Dkt. 8. Stephen contends Defendant Salazar used excessive force against Stephen when arresting
22 | him on April 30, 2021. *Id*. Stephen also alleges the City of Forks is liable for various actions
23 | related to the arrest and the use of Stephen's property. *Id*. In addition, Stephen names Joe
24 |

Mandoli as a defendant in this action, but the proposed amended complaint contains only one conclusory allegation as to Mandoli. After reviewing the proposed amended complaint, the Court finds Stephen has pled facts sufficient to proceed beyond the § 1915(a) screening as to Defendants Salazar and the City of Forks. The Court, however, finds Plaintiff has not stated a claim against Joe Mandoli and, as such, he should be dismissed from this action without prejudice.

**IFP Applications.** The Court has reviewed Stephen's Applications to Proceed IFP (Dkt. 1, 4) and finds Stephen does not appear to have funds available to afford the $402 filing fee. Therefore, Stephen financially qualifies for *in forma pauperis* (IFP) status pursuant to 28 U.S.C. § 1915(a)(1). Accordingly, the Court recommends Stephen's Applications to Proceed IFP (Dkt. 1, 4) be granted.

The proposed amended complaint, however, does not name Sarah as a plaintiff and contains no claims on behalf of Sarah. *See* Dkt. 8. As Sarah is not named as a plaintiff in the proposed amended complaint and as the Court previously dismissed the proposed complaint, the Court recommends Sarah's Application to Proceed IFP (Dkt. 3) be denied as moot.

### III.   Conclusion

For the above stated reasons, the Court recommends Stephen's Applications to Proceed IFP (Dkt. 1, 4) be granted, Sarah's Application to Procced IFP (Dkt. 3) be denied as moot, and Joe Mandoli be dismissed from this action. The Court also recommends the Clerk be directed to terminate Sarah Wright, Charles Hanify, Rod Fleck, and Douglas Kresl from the docket.[2]

---

[2] Sarah Wright, Charles Hanify, Rod Fleck, and Douglas Kresl were named as parties in the proposed complaint, but are not named in the proposed amended complaint. *See* Dkt. 1-1, 8. As such, they have been dismissed from this action. *See* Dkt. 5.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2  fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3  6. Failure to file objections will result in a waiver of those objections for purposes of de novo
4  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6  September 3, 2021, as noted in the caption.

   Dated this 13th day of August, 2021.

                                                 /s/ David W. Christel
                                                 David W. Christel
                                                 United States Magistrate Judge