UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEPHEN CHRISTOPHER WRIGHT,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF FORKS and JAMES SALAZAR,<br><br>  Defendants. | CASE NO. C21-5332 BHS<br><br>ORDER |

THIS MATTER is before the Court on pro se Plaintiff Stephen Wright's Motion to Amend his Complaint, Dkt. 39, and on Defendants' Motion for Summary Judgment, Dkt. 40. The factual background of this case was described in the Court's prior Order, Dkt. 37, and need not be repeated. In short, Wright claims Defendant Forks Police Officer Salazar used excessive force when he arrested Wright on false charges of driving with a suspended license, and that he and other officers mistreated him at the Forks jail. Dkt. 19.

Wright asserts that his proposed amended complaint is "much shorter" and will provide a "quicker and less resource consuming process to provide relief." Dkt. 39.

ORDER - 1

Wright's proposed complaint does not include the facts or claims surrounding his "boundary line dispute" with his neighbors, which is not related to the false arrest, excessive force, and jail mistreatment claims arising from his arrest for driving with a suspended license. *See id.*

Wright's proposed amended complaint would be at least his third such effort. *See* Dkts. 1, 8, and 19.[1] Defendants oppose further amendment, arguing that it is six weeks past the deadline for amendment. They also argue it is unnecessary, because the amended complaint asserts the same excessive force claims arising out of the same incident as the one alleged in his prior complaints. Defendants do not oppose the dismissal of Wright's "boundary line dispute" claims, but they argue there is no need to amend the complaint to delete them. Wright could instead voluntarily dismiss them himself, and he has in any event failed to respond to Defendants' summary judgment motion on those claims. Defendants argue there is therefore no evidence or argument in support of them, and that they should be dismissed without the need for an amended complaint that does not include them.

**A.    Defendants' Summary Judgment Motion on Wright's "Arrest" Claims is GRANTED.**

Defendants' summary judgment motion asks the Court to dismiss Wright's 42 U.S.C. § 1983 Fourth Amendment unlawful seizure/excessive force claims as well as his

---

[1] Defendants assert that the most recent proposed amended complaint would be Wright's fourth, but it appears that Dkt. 8 (proposed amended complaint) and his operative complaint, Dkt. 19 (the amended complaint Wright filed after the Court granted him leave to do so, Dkt. 11) are essentially identical.

"boundary line dispute" claims. Dkt. 40. Defendants argue, persuasively, that their dispositive motion should be addressed first, because it will moot the motion to amend. Dkt. 44.

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52.

The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. There is no requirement that the moving party negate elements of the non-movant's case. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Once the moving party has met

its burden, the non-movant must then produce concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 248.

Wright alleges Salazar wrongfully arrested him without probable cause for driving with a suspended license.[2] He claims the Forks City Attorney confirmed that Salazar did not "run" Wright's license plate through the AEGIS system on the day of the incident, April 30, 2021. But Salazar asserts that he had previously run Wright's plate through the AEGIS system and not pulled him over; he only pulled him over when he saw him driving again. Dkt. 8 at 19. Wright's operative complaint affirmatively alleges this timeline as well: "Salazar used the results from the previous AEGIS computer search to unlawfully search and seize the Plaintiff . . . without having ran the Plaintiffs' (sic) name that day." Dkt. 19 at 2. Wright's complaint also alleges that Salazar used excessive force when arresting him, assaulting him, twisting his arm behind his back, slamming his head into the van door, aggravating Wright's shoulder disability. Wright alleges Salazar refused to accommodate Wright's request for an accommodation for his disability and to cuff him with his hands in front. Wright also alleges that Salazar refused to recognize or accommodate his PTSD disability when sending him to jail. *Id.* at 3–4.

Wright alleges that Salazar continued to use excessive force and to fail to accommodate Wright's disabilities at the jail and failed to provide him medical care. He

---

[2] Defendants assert, and Wright does not dispute, that his Washington Driver's License was suspended, and that Wright claimed that he nevertheless was permitted to drive in Washington because he had a valid Oklahoma Driver's License. Dkt. 40 at 7.

1 claims he suffered a head injury (later diagnosed as a concussion) which led to him

2 "puking" in jail, which Salazar and Forks ignored. He also claims Defendants failed to

3 nourish him while he was in jail, failing to provide him "safe" and "pesticide free" food,

4 and failing to provide "water that was not contaminated with chemicals," even though he

5 was hungry, thirsty, and confused. *Id*. at 5–7. He seeks damages of just over $9,500,000.

6 *Id*. at 12.

7 Defendants' motion recognizes that the evidence and all reasonable inferences

8 from it must be viewed and construed in the light most favorable to the non-moving

9 party, but they argue that Wright is required to provide evidence beyond his conclusory

10 allegations to avoid summary judgment. Dkt. 40 at 17–18. It argues that the videos

11 referenced in Wright's complaint, Dkt. 19 at 14, are not actually in evidence—Wright

12 provides links to youtube.com—but even if they were, none of them show what Wright

13 claims they show. Defendants also allege that Wright resisted arrest, swore at Salazar

14 repeatedly, managed to work his legs through his cuffs to bring his hands in front of his

15 body, and banged his own head against the inside of the vehicle. Dkt. 40 at 7–8.[3] They

16 include photographs (taken from a jail video) of Wright running and jumping in his jail

17 cell, kicking the door, hitting his head, and then pointing to his head and rubbing his

---

[3] Defendants' Motion appears to cite primarily to Wright's Amended Complaint, Dkt. 8, for its factual assertions, including primarily the sworn, narrative police reports that Wright attached to that complaint, Dkt. 8 at 17–65. *See, e.g.*, Dkt. 40 at 6.

Defense Attorney Culumber also filed a Declaration attaching various photographs and still images taken from videos. Dkt. 29. Only two of the attached exhibits, Dkts. 29-8 and -9, relate to Wright's claims arising from his arrest and short incarceration (as opposed to his now-abandoned boundary line dispute claims).

shoulder. Dkt. 29-9. The pictures also show Wright eating and drinking on his bed in the cell. *Id*. at 5. Defendant Salazar has not submitted a separate Declaration describing the events from his point of view.

Wright's Response, Dkt. 42, similarly does not include a Declaration. Instead, it relies exclusively on his assertion that the various YouTube videos he describes show that Salazar's police report was inaccurate, and prove that Salazar "smashed the Plaintiff[']s face into the metal door frame of the City of Forks," Dkt. 42 at 3, and that Salazar "willfully rejected the Plaintiff[']s request for disability accommodation regarding the right shoulder and cuffing from the [front] instead of the back." *Id*. As the Defendants correctly point out, Wright's summary opposition relies solely on his argument that the motion is "directly in conflict with the video recordings." Dkt. 45 (citing Dkt. 42 at 1).

The Court has reviewed the videos, even though they are not actually in evidence. The hospital's parking lot security camera video is inconclusive as to all of Wright's claims about it. One cannot see him being treated unlawfully or determine whether he is hitting his head on the car. Wright's "Example 4" video (which is apparently a cell phone video of a jail security camera video) has no sound, and no one is visible except Mr. Wright. Dkt. 42 at 2. It does not show Officer Salazar or anyone else smashing Wright's head into the metal door frame. The final video, taken by Wright after Salazar pulled him over into the parking lot, similarly does not show that Salazar used excessive force or that anything in his report was inaccurate. *Id*. It does not show that Wright sought medical care in the parking lot. It does confirm that Wright told Salazar he was "not suspended,

1 you idiot," and that Wright screamed for help because he was being unlawfully arrested.

2 The video does not reflect Wright claiming any sort of injury or disability.

3 Wright's response to Defendants' motion is that his video evidence undermines

4 Defendants' version of the story. It is not clear at all to the Court that that assertion is

5 true, but that is beside the point. The bigger issue is that Wright has no evidence

6 whatsoever supporting his *own* version of the story. Once the moving party has met its

7 burden, the non-movant must then produce *concrete evidence*, without merely relying on

8 allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S.

9 at 248.

10 There is no evidence supporting Wright's claim that his license was not

11 suspended, or that Salazar had no probable cause to pull him over or arrest him for

12 driving with a suspended license. There is no admissible evidence in the record

13 supporting Wright's conclusory claims that he has a shoulder disability or a PTSD

14 disability, or that Salazar's treatment of Wright in the parking lot amounts to a failure to

15 accommodate such disabilities in some actionable way. Wright cites no authority for the

16 proposition that one who claims a shoulder injury is entitled to be cuffed in front, as an

17 accommodation required under the ADA.

18 There is no evidence supporting the claim that anyone smashed Wright's head

19 against the jail door frame. On the other hand, the video excerpts upon which Defendants

20 rely support their assertion that Wright willingly and repeatedly threw himself against the

21 cell walls, kicked the door, and ate and drank on his bed while he was in jail for four

22 hours. Dkt. 29-9. There is therefore no evidence supporting the claim that Defendants did

not offer Wright pesticide free food or chemical free water. Wright has cited no authority for the proposition that any such failure is actionable under the United States Constitution.

Because there is no evidence in support of Wright's claims against Defendant Salazar or the City of Forks, the Motion for Summary Judgment, Dkt. 40, is GRANTED, and all of Plaintiff Wright's claims against these entities arising from his April 30, 2021 arrest and brief jail stay are DISMISSED with prejudice and without leave to amend.

**B.     Wright's Motion to Amend his Complaint a third time is DENIED.**

Wright's proposed amended complaint is shorter than his prior versions, but it does not alter the substance or the factual predicate for his false arrest, excessive force, failure to accommodate, and jailhouse mistreatment claims. It does remove all reference to his boundary dispute with his neighbors. Defendants oppose amendment as too late and unnecessary. They also demonstrate that amendment would not alter the Court's review of their summary judgment motion; he still has no evidence to support his claims.

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011).

1 | Among these factors, prejudice to the opposing party carries the greatest weight.

2 | *Eminence Capital*, 316 F.3d at 1052.

3 |     A proposed amendment is futile "if no set of facts can be proved under the

4 | amendment to the pleadings that would constitute a valid and sufficient claim or

5 | defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847 RJB, 2012 WL 1605221, at *2

6 | (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393

7 | (9th Cir.1997)).

8 |     Wright's proposed amendment seeks only to delete his claims against the City and

9 | Salazar based on their conduct surrounding Wright's boundary line dispute with his

10 | neighbors. The substance of his claims arising out of his arrest are not materially different

11 | than those made in his operative complaint, Dkt. 19. Amendment would be futile because

12 | there is no evidence supporting them. Wright's Motion for Leave to Amend, Dkt. 39, is

13 | DENIED.

14 |     The Clerk shall enter a judgment and close the case.

15 | **IT IS SO ORDERED.**

16 | Dated this 9th day of June, 2022.

BENJAMIN H. SETTLE
United States District Judge